IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-cv-00050-FDW

| | |
|---|---|
| ZACKARY ALLEN BLANKENSHIP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KERRY MASTERSON, ) <br> FNU ISENHOUR, Lt.; ) <br> FNU REILLY, Captain; ) <br> FNU MANDUJANO, Officer; ) <br> FNU MULLINS; FNU YOUNG, ) <br> ) <br> Defendants. ) <br> _____) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint, filed pursuant to 42 U.S.C. § 1983.[1] For the reasons that follow, Plaintiff's complaint will be dismissed.

Plaintiff is a pretrial detainee confined in the Burke County Detention Facility awaiting trial on two counts of first-degree rape and one count of indecent liberties with a child, and he is under an $850,000 secured bond.[2]

---

[1] District courts are required to review a complaint under Section 1983 when a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute further provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1) & (2).

In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

[2] This information was obtained from the website maintained by the Burke County Sheriff's Office. (cont.)

1

In his complaint, Plaintiff first alleges that from on or about January 26, 2015, until February 10, 2015, while housed at the Catawba Detention Center (CDC), he made requests of Defendant Masterson, whom Plaintiff alleges is a notary public employed at CDC, to notarize certain state court pleading forms he identifies as AOC-CV-303 (Complaint and Motion for Domestic Violence Protective Order); and AOC-CV-226 (Civil Affidavit of Indigency).[3] Defendant Masterson refused to notarize the forms. Plaintiff maintains that Defendants Isenhour and Reilly, whom he identifies as supervisors at CDC, and Masterson repeatedly ignored his complaints about this issue and they retaliated and harassed him when he continued to request the forms be notarized. Plaintiff maintains that he filed grievances with the CDC and he was informed that neither Masterson, nor any other detention employees, were authorized to notarize legal forms such as the AOC forms identified above. In particular, one response noted that CDC policy only authorized detention employees to notarize "jail related items, not legal items." (5:15-cv-00050, Doc. No. 4 at 8).[4]

To state a claim that one or more defendants unlawfully denied him access to the courts, Plaintiff must show that he suffered actual injury or that defendants' conduct impeded his efforts to pursue a legal claim. See, e.g., Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Michau v. Charleston County, S.C., et al., 434 F.3d 725, 728 (4th Cir. 2006). To be clear, the right of access

---

http://www.morgantonps.org/p2c/InmateDetail.aspx?navid=636160890226248673http://www.morgantonps.org/p2c/InmateDetail.aspx?navid=636160890226248673

[3] These forms are maintained by the Administrative Office of the Courts (AOC) and may be accessed online. http://www.nccourts.org/Forms/FormSearch.asp. Plaintiff also identifies two other forms: AOC-G-106 and AOC-6-112. The Court's review of the AOC's website identified no such forms.

[4] The Court takes judicial notice of the grievances and responses from defendants filed by Plaintiff after finding that they are relevant, reliable, and integral to a determination of whether the complaint states a claim for relief. See Philips v. Pitt County Mem. Hosp, 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

to the courts extends primarily to direct criminal appeals, actions sounding in habeas, and certain federal civil rights actions. Id., at 354-55. The AOC forms that Plaintiff references in his complaint are clearly ones used in a state, domestic relations.

Plaintiff undoubtedly has appearances in court on his felony charges and he indicates that he has counsel representing him in his case. (Compl. at 5). It is inconceivable that Plaintiff could not obtain a notary signature either with the assistance of the court or through his counsel. Finally, it does not appear there is any constitutional right to have CDC employees assist him with contemplated litigation related to a domestic dispute in state court, and Plaintiff's complaint that defendants have retaliated against him for pursuing a notary signature is conclusory as it identifies no specific actions taken by defendants. For the reasons stated, Plaintiff's claim of a § 1983 violation on these facts will be dismissed.

Next, Plaintiff contends that "Sgt. John Doe on Lt. Derrigh's Shift and Sgt. John Doe on Lt. Acre's shift intercepted my letters to the Catawba County Superior Clerk of Court." (Compl. at 5).[5] There is no question that prisoners must have reasonable access to present claims in court. See Bounds v. Smith, 430 U.S. 817, 824-25 (1977). However, in order to show a denial of access to the courts, a prisoner must demonstrate an actual injury or that a defendant's alleged conduct impeded his right to access the courts. See, e.g., Lewis, supra; Michau, supra. Plaintiff blankly states that the defendants intercepted letters but there is no indication as to how this apparently isolated incident has caused him harm or that he could not otherwise mail the letters. This claim will be dismissed as without merit.

---

[5] A few weeks after Plaintiff filed his complaint, he filed a document entitled "Memorandum/Brief" in which identifies the John Does as Sgt. Mullins and Sgt. Young. (Doc. No. 5 at 1).

Finally, Plaintiff contends that Defendant Mandujano disciplined him for possessing a copy of "Prisoner's Self-Help Litigation" which Mandujano classified as a "weapon." (Compl. at 5). Plaintiff's claim here fails with regard to the seizure of the book because he is represented by counsel in his state proceeding; therefore he cannot demonstrate that he would be denied access to the courts, and he has failed to allege what injury he suffered. In fact, Plaintiff even notes that if his book is not returned then he will have to talk with his attorney. (Doc. No. 4 at 9). His claim also fails because he does not fairly assert what discipline he received or how it adversely affected him.

Based on the foregoing, the Court finds Plaintiff has failed to state a claim for relief and his complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE**, **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: December 8, 2016

Frank D. Whitney
Chief United States District Judge